**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL RIVERS[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| MERRICK GARLAND | ) |
| United States Department of Justice | ) |
| 950 Pennsylvania Avenue, N.W. | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**
(JURY TRIAL DEMANDED)

"Absent a proper representative of the Government as a petitioner in this criminal prosecution, jurisdiction is lacking…."

*United States v. Providence Journal Co.,* 485 U.S. 693, 708 (1988)

## I.
## INTRODUCTION

1.      This lawsuit seeks accountability from the Attorney General of the United States, who is the executive officer tasked with overseeing the administration of justice in this country.

2.      Among other things, the Attorney General, through his properly authorized designees, oversees the many thousands of criminal prosecutions brought annually in federal district courts throughout the United States.

---

[1] Pursuant to LCvR 5.1(c)(1), Plaintiff will file his address under seal with the Court in a separate Notice of Filing.

3.      Representing the United States in a federal criminal prosecution is no small thing, and it is not an automatic feature of employment with the Department of Justice—as an Assistant United States Attorney ("AUSA") or otherwise.

4.      Pursuant to his statutory authority, the Attorney General "*may* appoint one or more assistant United States attorneys in any district when the public interest so requires," 28 U.S.C. § 542 (hereinafter "§ 542") (emphasis added), and any such AUSA is "subject to removal by the Attorney General." *Id*.

5.      In other words, an AUSA exists solely at the discretion and express authorization of the Attorney General.

6.      The Attorney General must expressly authorize all new AUSAs in a particular office, all AUSAs transferring between offices, and all individuals specially assigned from another branch of government or the private sector as Special AUSAs.

7.      Simply put, an individual holding himself out as an AUSA has the authority to represent the United States in federal criminal proceedings *only* after the Attorney General explicitly and expressly authorizes him to do so, as § 542 requires.

8.      The Attorney General's authorization must be in writing on a specially designated form, and the Attorney General or his duly authorized representative must sign it before such authorization can become effective.

9.      This authorization form is different from the standard SF-61 oath of office form, or any other boilerplate form associated with an individual's routine onboarding as a federal employee.

10.     In or around 2013, the United States prosecuted Plaintiff for wire fraud and associated charges in federal district court in the Middle District of Florida.

11.     Christopher LaForgia and Daniel Eckhart held themselves out as the United States' representatives overseeing the investigation and prosecution of Plaintiff.

12.     Although LaForgia and Eckart held themselves out as representatives of the United States, they in fact were not duly authorized in writing by the Attorney General to serve as AUSAs at any time during their involvement with Plaintiff's case.

13.     Without this statutorily required written authorization, LaForgia and Eckart were not permitted to represent the United States in Plaintiff's criminal proceedings, and this fatal shortcoming deprived the District Court of jurisdiction over the matter.

14.     By permitting LaForgia and Eckart to hold themselves out as authorized representatives of the United States without the proper authorization to do so, the Attorney General was negligent and caused Plaintiff to suffer substantial economic, emotional, and physical harm for which he now seeks compensation.

## II.
## PARTIES

15.     Plaintiff Michael Rivers is a resident of Orlando, Florida, and was the subject of an unauthorized prosecution in the Middle District of Florida in or around 2013.  On or about November 25, 2014, the district court sentenced Plaintiff to a combined term of imprisonment of 204 months followed by three years of supervised release.  He currently is in the custody of the Bureau of Prisons ("BOP"), with a release date set for September 30, 2026.

16.     Defendant Merrick Garland is the current Attorney General of the United States. His office, through the actions of his predecessor, was responsible for expressly authorizing LaForgia and Eckart to represent the United States in Plaintiff's federal criminal proceeding, which express authorization was negligently omitted, and Defendant continues to oversee Plaintiff's federal custody to this day.

3

## III.
## JURISDICTION AND VENUE

17.     This Court has subject-matter jurisdiction over this case because the United States is the Defendant and Plaintiff's negligence claim arises under the laws of the United States, namely the Federal Tort Claims Act. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1346(b); 28 U.S.C. §§ 2671, *et seq.*

18.     This Court has personal jurisdiction over the Defendant because the acts and omissions of the Attorney General and his office were and continue to be committed in the District of Columbia. *See* D.C. Code § 13-423.

19.     Venue is proper in this Court because a substantial part of the conduct giving rise to the claims in the case occurred in the District of Columbia. *See* 28 U.S.C. § 1391(b)(2).

## IV.
## RELEVANT FACTUAL BACKGROUND

### The Unauthorized Prosecution

20.     On or around March 4, 2013, the United States initiated prosecution against Plaintiff by criminal complaint in *United States v. Michael Rivers*, case number 6:13-cr-00087, in the United States District Court for the Middle District of Florida.

21.     On or around April 15, 2013, attorneys Christopher LaForgia and Daniel Eckart entered their appearances in the matter on behalf of the United States.

22.     At that time, the Attorney General had not signed the written authorization for LaForgia or Eckart—or any other individuals associated with the case—to serve as AUSAs. Indeed, Plaintiff sought these documents under the Freedom of Information Act ("FOIA") and was told in no uncertain terms the documents did not exist.

23.     Because the Attorney General had not properly authorized LaForgia and Eckart to represent the United States in Plaintiff's prosecution, their appearances in Plaintiff's case were improper and invalid.

24.     Because properly authorized AUSAs did not represent the United States, the proceedings against Plaintiff were a nullity from inception and the District Court lacked jurisdiction over the matter.

25.     Nevertheless, on or about April 17, 2013, the United States indicted Plaintiff on multiple counts alleging conspiracy to commit wire fraud and related charges.

26.     The District Court arraigned Plaintiff on the indictment on or about April 18, 2013.

27.     The District Court ordered that Plaintiff be held without bond pending trial, which deprived Plaintiff of his liberty, separated him from his family, and subjected him to living conditions that ultimately harmed his health and wellbeing.

28.     The United States filed a superseding indictment in the matter on or about February 5, 2014.

29.     On or about March 21, 2014, Plaintiff entered a guilty plea to all counts of the superseding indictment.

30.     On or about November 14, 2014, Christopher LaForgia filed a memorandum in aid of sentencing in Plaintiff's matter on behalf of the United States.  This memorandum was the official position of the United States regarding the disposition of Plaintiff's case.

31.     On or about November 20, 2014, relying on input from LaForgia, the District Court sentenced Plaintiff to a total of 204 months of incarceration in federal prison followed by

3 years of supervised released under the supervision of the Court Services and Supervision Agency ("CSOSA").

32.     Plaintiff was in custody in federal detention from the time of his initial arrest on or about March 2013 until on or around June 2, 2020, when he was compassionately released from prison to the supervision of a halfway house during the Covid-19 pandemic.

33.     At this time, Plaintiff remains in the custody of the BOP and under the supervision of halfway-house staff in Orlando, Florida until his current release date on or about September 30, 2026, at which time he will be on supervised release for an additional 3 years under the supervision of CSOSA.

34.     While Plaintiff is in the custody of the BOP, he is subject to numerous conditions the BOP has imposed pursuant to his sentence in the underlying matter.

**Procedural History under the Federal Tort Claims Act ("FTCA")**

35.     The FTCA permits actions against the United States for money damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

36.     Under the FTCA, a putative plaintiff must first serve notice on the United States of their intent to file a legal action.  26 U.S.C. § 2675(a).  This notice must be presented through a Standard Form 95 ("SF-95"), which sets out the basis of a claim for damage, injury, or death.

37.     Once the putative plaintiff serves the United States with the SF-95, the United States has 6 months in which to respond.  26 U.S.C. § 2675(a).

38.     If the putative plaintiff receives an unsatisfactory response from the United States, or if the United States fails to respond within the 6-month period, the putative plaintiff is authorized to file a lawsuit in a federal district court of competent jurisdiction. *Id.*

39.     On or about July 25, 2023, Plaintiff served an SF-95 on the Department of Justice for a claim of negligence arising from his unauthorized prosecution.  A copy of that form is attached here as Exhibit 1.

40.     On or about October 16, 2023, the United States acknowledge that it had received Plaintiff's SF-95 on or about July 26, 2023.[2]  A copy of this acknowledgement is attached here as Exhibit 2.

41.     By statute, the United States had until January 25, 2024 to respond to Plaintiff's SF-95 and accompanying demand.  As of the date of this Complaint, the United States has yet to provide any response at all.

42.     This lawsuit now follows.

**VI.**
**CAUSE OF ACTION**

**COUNT 1**
**Negligence**

43.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 – 42 above, inclusive.

44.     Christopher LaForgia and Daniel Eckart, the attorneys who prosecuted Plaintiff in the criminal proceedings in the United States District Court for the Middle District of Florida,

---

[2] Out of an abundance of caution, Plaintiff served the SF-95 to three different points of contact at the Department of Justice.  The Department of Justice acknowledged that it had received the other two of these duplicative claims on or about July 26, 2023 and on or about August 4, 2023, respectively.

7

were not duly authorized in writing by the Attorney General to serve as Assistant United States Attorneys, and thus were not permitted to represent the United States in that matter.

45.     The Attorney General—acting in his official capacity as an employee of the United States—negligently failed to authorize LaForgia and Eckart to serve as AUSAs, while still allowing them to hold themselves out as proper representatives of the United States.  This negligent omission resulted in a prosecution and conviction of Plaintiff that the District Court had no authority to preside over.

46.     As a result of the unauthorized prosecution and conviction, Plaintiff was incarcerated for 7 years in a federal correctional institute, paid $1.2 million in restitution, and remains in the custody of the BOP until on or about September 30, 2026.

47.     As a result of the unauthorized prosecution, Plaintiff suffered substantial economic, emotional, and physical harm, including migraines, hypertension, depression, post-traumatic stress disorder ("PTSD"), emotional distress, loss of income, loss of personal property (including loss of equity in real property), and many other miscellaneous costs and expenses.

**VII.**
**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment in his favor and grant relief against the Defendant as follows:

(1)     Order the Defendant to pay actual money damages of not less than $51,175,713.00 to the Plaintiff, the specific amount to be determined at trial;

(2)     Award the Plaintiff reasonable attorneys' fees and costs for the investigation and prosecution of this action; and

(3)     Grant any such additional relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury by the maximum number of jurors permitted by law.


Dated: February 23, 2024             Respectfully submitted,

CALEBANDONIAN PLLC
Philip Andonian (D.C. Bar No. 490792)
Joseph Caleb (D.C. Bar No. 495383)
1100 H Street, N.W. – Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
Email:  phil@calebandonian.com
        joe@calebandonian.com

*Attorneys for Plaintiff*

# EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Department of Justice | Michael and Kim Rivers ████████████████████ <br><br> Philip Andonian (Legal representative) CalebAndonian PLLC 1100 H St NW, Ste. 315, WDC 20005 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 11/06/1957 | Married | Ongoing | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

The claimants were convicted of wire fraud in 2014 in the United States District Court for the Middle District of Florida (Case No. 13-CR-87). The Assistant United States Attorneys who prosecuted the cases lacked necessary authority to represent the United States in those cases. The prosecutors and the Department of Justice thus were negligent in prosecuting the claimants' cases without authority. The claimants--who remain under court-imposed release conditions stemming from their convictions-- suffered substantial damages as a result, including lost property and income as well as physical and emotional injury.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Physical and emotion injury include migraines; hypertension; depression; and PTSD. Claimants also suffered loss of income, loss of personal property, and loss of equity in real property, as well as incurred miscellaneous costs.

| 11. | WITNESSES |
|---|---|
| **NAME** | **ADDRESS (Number, Street, City, State, and Zip Code)** |
| Michael Rivers <br><br> Kim Rivers | c/o <br><br> CalebAndonian PLLC <br><br> 1100 H Street, N.W., Ste. 315, Washington, D.C. 20005 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). | |
| 0.00 | 47,589,835 | 0.00 | 47,589,835 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Philip Andonian* | (202) 953-9850 | 07/25/2023 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No    17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)*  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)*  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)*  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)*  **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

# EXHIBIT 2

**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

---

GKJ:HLSwann:hls
157-16-NEW

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C.   20044*

October 16, 2023

Mr. Philip Andonian
Caleb Andonian, PLLC
1100 H Street, N.W.
Suite 315
Washington, D.C.   20005

      Re:   Duplicate Administrative Tort Claims of Michael Rivers and Kim Rivers

Dear Mr. Andonian:

      This is in response to your clients' three duplicate administrative tort claims dated July 25, 2023, which you submitted to the Department of Justice (Department).   The Department received the claims on July 26, 2023, July 31, 2023, and August 4, 2023.   The Department will be handling your clients' claims as lead agency pursuant to 28 C.F.R. § 14.2(b). All future correspondence concerning these claims should be directed to the Department at the address above.   We will contact you if further information is needed.

      Very truly yours,

HOPE L. SWANN
Paralegal Specialist
Civil Division, Torts Branch