UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL RIVERS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA,[1] <br><br> Defendant. | Civil Action No. 24-0510 (ABJ) |

**MOTION TO DISMISS AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant United States of America, by and through undersigned counsel respectfully

moves to dismiss Plaintiff's Complaint, ECF No. 1 ("Compl."), pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(1) for lack of jurisdiction, or in the alternative, under Rule 12(b)(6) for

failure to state a claim.

**BACKGROUND**

In 2014, Plaintiff Michael Rivers pleaded guilty to wire fraud, money laundering, and

identity theft for making fraudulent statements to investors in his company. *United States v.

Rivers*, 656 F. App'x 444, 445 (11th Cir. 2016). The District Court in the Middle District of Florida

sentenced him to 204 months of imprisonment followed by three years of supervised release.

Compl. ¶¶ 15, 31. He is currently in the custody of the Bureau of Prisons in a halfway house in

---

[1]     On May 23, 2024, the United States submitted its Notice of Westfall Certification,
certifying that the named Defendant, Merrick Garland, Attorney General, was acting within the
scope of his duties as an officer of the United States at the time of the alleged incidents in the
Complaint, and, therefore, substituting the United States as Defendant in this Federal Tort Claims
Act case.

Orlando, Florida, with a release date set for September 30, 2026, at which time his supervised release will begin.  Compl. ¶¶ 15, 33.

In this civil action, Plaintiff alleges that Attorney General Garland was negligent in performing his duties because he did not "explicitly and expressly authorize[]" the appointment of the two Assistant United States Attorneys, Christopher LaForgia and Daniel Eckhart, who prosecuted his case.  *Id.* ¶¶ 7, 11.  According to Plaintiff, "[b]y permitting LaForgia and Eckart to hold themselves out as authorized representatives of the United States without the proper authorization to do so, the Attorney General was negligent and caused Plaintiff to suffer substantial economic, emotional, and physical harm for which he now seeks compensation."  *Id.* ¶ 14. Plaintiff brings this negligence action under the Federal Tort Claims Act ("FTCA").  *Id.* ¶¶ 17, 35-42.  He seeks over fifty million dollars in damages.  *Id.*, Prayer for Relief.

### LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In response to a motion to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), a plaintiff must establish jurisdiction by a preponderance of the evidence.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A Rule 12(b)(6) motion to dismiss tests whether a complaint accomplished what it was obligated to do under the federal pleading rules.  A claim will fail this inspection if it asserts a legal theory that is not cognizable as a matter of law or if the factual allegations are implausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The pleading must demonstrate that the allegations "possess enough heft" to show a plausible entitlement to relief.  *Id.* at 557.

**ARGUMENT**

The Court may dismiss Plaintiff's Complaint for any of the following reasons, any of which provide independent grounds for dismissal.

**I.      The Intentional Tort Exception of the FTCA Bars Plaintiff's Claim.**

While styled as a negligence claim, Plaintiff's cause of action plainly arises out of malicious prosecution or abuse of process, which carves them out of FTCA coverage by virtue of the intentional tort exception.  The FTCA operates as a limited waiver of sovereign immunity rendering the United States amenable to suit for certain tort claims, subject to various exceptions set forth in 28 U.S.C. § 2680.  *See Richards v. United States*, 369 U.S. 1, 6 (1962).  "Claims that fall under one of the exceptions to the FTCA must be dismissed for lack of subject matter jurisdiction."  *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006).  In this case, Plaintiff's claim falls under the FTCA's intentional tort exception, and therefore, sovereign immunity has not been waived.

The text of the FTCA explicitly carves out an intentional tort exception, which preserves the government's immunity from "any claim arising out" of intentional torts, including "malicious prosecution" and "abuse of process."  28 U.S.C. § 2680(h).  "Section 2680(h) does not merely bar claims for [enumerated intentional torts]; in sweeping language it excludes any claim *arising out of*" those enumerated intentional torts.  *United States v. Shearer*, 473 U.S. 52, 55 (1985) (emphasis in original) (FTCA claim for negligent supervision barred because it arose out of assault and battery).  In assessing whether the intentional tort exception bars certain claims, it is not relevant how a plaintiff "label[s]" the claims.  *Kramer v. Sec'y, Dep't of Army*, 653 F.2d 726, 729 (2d Cir. 1980); *see also Shearer*, 473 U.S. at 55 (plaintiff's "framing" of his complaint is not determinative); *Stoddard v. Wynn*, 68 F. Supp. 3d 104, 115 (D.D.C. 2014) ("Claims for false imprisonment and all claims "arising out of" false imprisonment, though labeled something else,

are not actionable.").  In other words, the Court may "look[] beyond the label" of the claims in the complaint, and instead, assess the factual allegations "[s]tripped to their essentials."  *Kramer*, 653 F.3d at 729; *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1256 (D.C. Cir. 2005) (applying *Kramer*).  For example, in *Travel Associates, Inc. v. Kingdom of Switzerland*, Civ. A. No. 89-1235 (NLJ), 1990 WL 134512, at *3 (D.D.C. Aug. 30, 1990), the court concluded that, "regardless of how plaintiffs characterize [the] actions," the intentional tort exception barred the plaintiff's negligent training and supervision claim because it "arises out" of fraud, which is a tort listed in 28 U.S.C. § 2680(h).

Here, although Plaintiff "fram[es]" his claim as a negligence action, *Shearer*, 473 U.S. at 55, "[s]tripped to their essentials," *Kramer*, 653 F.2d at 729, Plaintiff's negligence claim arises out of the alleged malicious prosecution and abuses of process—intentional torts barred under 28 U.S.C. § 2680(h).  Plaintiff overtly states as much in his Complaint, alleging that his "claim of negligence aris[es] from his unauthorized prosecution."  Compl. ¶ 24.  More specifically, Plaintiff alleges, "Although LaForgia and Eckart held themselves out as representatives of the United States, they in fact were not duly authorized in writing by the Attorney General to serve as AUSAs at any time during their involvement with Plaintiff's case."  Compl. ¶ 12.  Further, "[w]ithout this statutorily required written authorization, LaForgia and Eckart were not permitted to represent the United States in Plaintiff's criminal proceedings, and this fatal shortcoming deprived the District Court of jurisdiction over the matter."  *Id.* ¶ 13.  Plaintiff concludes, "[b]y permitting LaForgia and Eckart to hold themselves out as authorized representatives of the United States without the proper authorization to do so, the Attorney General was negligent[.]"  *Id.* ¶ 14.  Thus, "[s]tripped to [its] essentials" Plaintiff's claim "arises out" of malicious prosecution and abuse of process, and, therefore, is barred under the intentional tort exception, regardless of how he has labeled it.

For this reason, the Court does not have subject matter jurisdiction over Plaintiff's claim because the Government has not waived its sovereign immunity. *See Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1160 n.16 (D.C. Cir. 1985) ("a litigant cannot circumvent the FTCA by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized" (quoting *Johnson v. United States*, 547 F.2d 688, 691–92 (D.C. Cir. 1976) (cleaned up)).

## II.   Lacking a Private Analog, Sovereign Immunity Has Not Been Waived.

Even were Plaintiff's claim appropriately characterized as one for negligence, there is no private analog for the duty underlying Plaintiff's claim, i.e., a duty requiring the Attorney General to ensure the proper appointment of federal prosecutors, and, therefore, sovereign immunity has not been waived. The FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also id.* § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). "This statutory text does not create a cause of action against the United States; it allows the United States to be liable if a private party would be liable under similar circumstances in the relevant jurisdiction." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508-09 (D.C. Cir. 2009). Courts should "look to the law of the local jurisdiction—in this case, the District of Columbia—to determine whether there is a local private party analog" to Plaintiff's claim. *Id.*

Here, Plaintiff "identifies no duty that would give rise to liability under District of Columbia law." *Id.* There is no private analog for the duty underlying Plaintiff's claim, i.e., a duty requiring the Attorney General to ensure the proper appointment of federal prosecutors. Although Plaintiff "casts [his] complaint in common law tropes" of negligence, this action is not

"analogous to the federal legal duty that was violated," and, therefore, the Complaint should be dismissed for lack of jurisdiction.  *Id.*; *see also, e.g.*, *Buzzanca v. District of Columbia*, 523 F. Supp. 3d 64, 71 (D.D.C. 2021) (dismissing FTCA claim because no private analog for wrongful detention); *Faktor v. United States*, Civ. A. No. 20-0263 (CKK), 2021 WL 848686, at *4 (D.D.C. Mar. 4, 2021) (dismissing FTCA claim because the plaintiff did not satisfy her burden of demonstrating "any District of Columbia law imposing liability on a private individual for negligent adjudication of individual claims made pursuant to an international agreement between the United States and a foreign nation").

## III.    Plaintiff's Claim Fails as a Matter of Law.

Plaintiff cannot establish, as a matter of law, that Defendant breached a duty of care, and therefore, even if the Court had jurisdiction over Plaintiff's claim, it should be dismissed under Rule 12(b)(6).

Under D.C. law, which applies here, plaintiff must show that the defendant breached a duty of care to establish negligence.  *Hoeft v. United States*, Civ. A. No. 16-0171 (TFH), 2020 WL 5530305, at *6 (D.D.C. Sept. 15, 2020) (citing *Papageorge v. Zucker*, 169 A.3d 861, 863 (D.C. 2017)).  Plaintiff bases his entire negligence claim on the misperception that, under 28 U.S.C. § 542, the Attorney General himself breached his duty of care by failing to "expressly authorize" the Assistant United States Attorneys who prosecuted his case, Compl. ¶ 6, and that the Attorney General must do so in writing on a "specially designated form," *id.* ¶ 8.  This is not the law.

As the D.C. Circuit discussed in *In re al-Tamir*, 993 F.3d 906, 916 (D.C. Cir. 2021), under 28 U.S.C. § 542, the Attorney General "may appoint one or more assistant United States attorneys in any district when the public interest so requires."  "The Attorney General, however, has by regulation delegated authority to appoint and employ [Assistant United States Attorney] to the Deputy Attorney General."  *In re al-Tamir*, 993 F.3d at 916 (citing 28 C.F.R. § 0.15(b)(1)(v),

which states that the Deputy Attorney General has the power and authority to take final action in the appointment and employment of Assistant United States Attorneys).  The Deputy Attorney General "has in turn further delegated authority to appoint [Assistant United States Attorneys] to the Director of the Office of Attorney Recruitment and Management." *Id.* (citing Dep't of Justice, Justice Manual § 3-4.300(A), https://www.justice.gov/jm/jm-3-4000-personnel-management#3-4.300, which states that the Deputy Attorney General has delated the authority to appoint Assistant United States Attorneys to the Director of the Office of Attorney Recruitment and Management).

Here, the SF-50s (Notification of Personnel Action) for Eckhart and LaForgia appointing them to their Assistant United States Attorney positions accurately state that the legal authority for the personnel action comes from 28 U.S.C. § 542, and the signature of the personnel/human resources officer effectuates the appointment pursuant to the Justice Manual § 3-4.300(A).  *See* Ex. 1 (Eckhart and LaForgia SF-50s).  Likewise, the appointment affidavits of Eckhart and LaForgia are also signed by the delegated human resources/administrative specialists.  *See* Ex. 2 (Eckhart and LaForgia SF-61s).[2]  The proper process was complied with in appointing Eckhart and LaForgia as Assistant United States Attorneys.  Plaintiff thus fails to state a claim because, as a matter of law, there was no breach of a duty of care owed to Plaintiff.

---

[2]     "In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Slovinec v. Georgetown Univ.*, 268 F. Supp. 3d 55, 59 (D.D.C. 2017), *aff'd,* No. 17-7122, 2018 WL 1052650 (D.C. Cir. Jan. 26, 2018) (quoting *Demissie v. Starbucks Corp. Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014)).  Therefore, "'where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.'" *Id.* (quoting *Strumsky v. Washington Post Co.*, 842 F. Supp. 2d 215, 217 (D.D.C. 2012)).  "'Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.'" *Id.* (quoting *Strumsky*, 842 F. Supp. 2d at 218).  Here, Plaintiff references these forms in the Complaint, Compl. ¶ 9, and, thus, the Court may consider them in ruling on Defendant's motion to dismiss.

**IV.     Alternatively, *Heck v. Humphrey* Precludes Plaintiff's Claim.**

Plaintiff's claim should be dismissed because he cannot challenge the validity of his conviction or raise claims that imply the invalidity of his conviction through a common law tort action. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"). Here, a judgment in favor of Plaintiff challenging the authority of the Assistant United States Attorneys to prosecute his case "would necessarily imply the invalidity of his conviction [and] sentence," and, therefore, it may not proceed. *Id.* at 487; *see also, e.g.*, *Lizalde v. Goldberg*, Civ. A. No. 19-0956 (KBJ), 2019 WL 2010640, at *2-3 (D.D.C. May 7, 2019) (dismissing, under *Heck*, constitutional rights claim stemming from allegedly invalid trial and convictions); *Salcedo v. Rossotti*, Civ. A. No. 08-0814 (RMC), 2008 WL 2248056, at *1 (D.D.C. May 29, 2018) (dismissing civil rights claim alleging fabrication of false criminal charges because "the wrongs that Plaintiff alleges, if proved, would render his conviction invalid").

In *Trupei v. United States*, 304 F. App'x 776, 777 (11th Cir. 2008), plaintiff prisoner filed a civil rights complaint, much like the Complaint filed in this case, alleged that the Assistant United States Attorneys who prosecuted his case were not properly appointed. The Eleventh Circuit affirmed the dismissal of his claim under *Heck* because the appointments challenge "essentially sought to invalidate his conviction and sentence." *Id.* at 784-85.[3]

---

[3]     To be clear, Defendant is not conceding that if Plaintiff prevailed in establishing that the Assistant United States Attorneys were not properly appointed, then his convictions would be nullified. *See Trupei*, 304 F. App'x at 782 (holding that even if appointments were invalid, the conviction is not nullified); *United States v. Suescun*, 237 F.3d 1284, 1287-88 (11th Cir. 2001) (same). Rather, the relevant question under *Heck* is whether a judgment in favor of Plaintiff "would necessarily imply the invalidity of his conviction [and] sentence," *Heck*, 512 U.S. at 487, and, here, an invalid conviction and sentence would be "necessarily impl[ied]."

Here, Plaintiff alleges that the Assistant United States Attorneys who prosecuted his criminal case "were not duly authorized in writing by the Attorney General to serve as [Assistant United States Attorneys] at any time during their involvement with Plaintiff's case," Compl. ¶ 12, and "[w]ithout this statutorily required written authorization, [they] were not permitted to represent the United States in Plaintiff's criminal proceedings, and this fatal shortcoming deprived the District Court of jurisdiction over the matter," *id.* ¶ 13.  Plaintiff further alleges, "Because properly authorized [Assistant United States Attorneys] did not represent the United States, the proceedings against Plaintiff were a nullity from inception and the District Court lacked jurisdiction over the matter."  *Id.* ¶ 24.  According to Plaintiff, "This negligent omission resulted in a prosecution and conviction of Plaintiff that the District Court had no authority to preside over."  *Id.* ¶ 45.  "As a result of the unauthorized prosecution and conviction," according to Plaintiff, he "was incarcerated for 7 years in a federal correctional institute, paid $1.2 million in restitution, and remains in the custody of the BOP until on or about September 30, 2026."  *Id.* ¶ 46.  Without question, a judgment in favor of Plaintiff where he is challenging the "unauthorized" prosecution and conviction, *id.* ¶¶ 15, 39, 46, 47, which rendered the criminal proceedings a "nullity from inception," *id.* ¶ 24, "would necessarily imply the invalidity of his conviction [and] sentence," and, therefore, it may not proceed.  *See Heck*, 512 U.S. at 487.

\*      \*      \*

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(1) for

lack of jurisdiction, or in the alternative, under Rule 12(b)(6) for failure to state a claim.

Dated: June 6, 2024
   Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ M. Jared Littman*
   M. JARED LITTMAN
   PA BAR # 91646
   Assistant United States Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 252-2523

*Attorneys for the United States of America*