UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL RIVERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Civil Action No. 24-0510 (ABJ) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant United States of America, by and through undersigned counsel, respectfully submits this reply in further support of its motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of jurisdiction, or in the alternative, under Rule 12(b)(6) for failure to state a claim.

**I.　　The Intentional Tort Exception of the Federal Tort Claims Act Bars Plaintiff's Claim.**

Defendant showed in its motion to dismiss that, despite styling his case as a negligence claim, Plaintiff's claim arises out of malicious prosecution or abuse of process, and therefore is barred under the intentional tort exception of the Federal Tort Claims Act ("FTCA"). ECF No. 11 (Mot. to Dismiss), at 3-5. In Plaintiff's opposition, he takes an unduly circumscribed view of the exception, ECF No. 14 (Pl.'s Opp'n), at 4-6, but the exception "does not merely bar claims for [enumerated intentional torts]; in sweeping language it excludes any claim *arising out* of" those torts. *United States v. Shearer*, 473 U.S. 52, 55 (1985) (emphasis in original) (FTCA claim for negligent supervision barred because it arose out of assault and battery).

Plaintiff is under the misimpression that his claim does not fall under the exception because he has not pled each element of the underlying offenses, but if that was the rule, Congress's

"sweeping language" that encompasses claims "arising out of" intentional torts would be easily circumvented and rendered toothless. *See Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1160 n.16 (D.C. Cir. 1985) ("a litigant cannot circumvent the FTCA by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized"). Here, Plaintiff attempts to do just that. He argues that his claim does not arise out of abuse of process or malicious prosecution because he does not allege in his Complaint that Assistant United States Attorneys LaForgia and Eckart acted "deliberate[ly]" or with "a nefarious motive." Pl.'s Opp'n at 5. But in an underlying *Bivens* case brought against LaForgia and Eckart in 2022 in the Middle District of Florida where Plaintiff was prosecuted, he stated the very opposite: "As unauthorized prosecutors for the Middle of District of Florida, the investigation, search, seizure, arrests, prosecution and conviction of [him was] done with improper motives and purposes." Ex. 1 ¶ 22 (Compl., Civ. A. No. 22-1589 (M.D. Fl. July 14, 2022)).[1] Plaintiff further alleged that LaForgia and Eckart were "deliberately, callously, or recklessly indifferent to the constitutional rights of the Plaintiff[], in that they investigated and prosecuted without being duly authorized and certified to act as federal prosecutors." *Id.* ¶ 23.

The Court should not permit Plaintiff to "circumvent the FTCA by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized," specifically here where his previous allegations demonstrate that his repackaged negligence claim arises out of alleged intentional conduct. *See Art Metal-U.S.A.*, 753 F.2d at 1160 n.16.

---

[1] When evaluating a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the Court may "consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Indian River Cnty. v. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017). The Court may also take judicial notice of such docketed court filings and consider them in adjudicating this motion to dismiss. *See, e.g.*, *Lewis v. Parker*, 67 F. Supp. 3d 189, 195 n.6 (D.D.C. 2014).

**II.      Lacking a Private Analog, Sovereign Immunity Has Not Been Waived.**

Similar to Plaintiff's intentional tort exception opposition, he reads the FTCA's private analog requirement too narrowly. Defendant showed in its motion to dismiss that there was no private analog for the duty underlying Plaintiff's claim, i.e., a duty requiring the Attorney General to ensure the proper appointment of federal prosecutors, and, therefore, sovereign immunity has not been waived. Mot. to Dismiss at 5-6. Plaintiff argues that the applicable private analog is liability for negligent supervision under District of Columbia law. Pl.'s Opp'n at 6-7.

Plaintiff's argument fails. The FTCA waives sovereign immunity "if a private party would be liable under similar circumstances in the relevant jurisdiction." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009). Here, Plaintiff's "claims arise purely out of a federal statutory scheme that has no local analog." *Id.* Specifically, Plaintiff alleges that, under 28 U.S.C. § 542, the Attorney General "must expressly authorize" all Assistant United States Attorneys to represent the United States in federal criminal proceedings, Compl. ¶¶ 4-7, and the Attorney General negligently failed to authorize the attorneys here, *id.* ¶ 45. Although Plaintiff "casts its complaint in common law tropes" of negligence, his action is unsustainable because the alleged "violation flows only from a federal statute," 28 U.S.C. § 542, describing certain appointment protocols. *Hornbeck*, 569 F.3d at 508-09. As Plaintiff's allegations "make clear, the only alleged error in this case was the [Attorney General's] failure to follow federal law." *Id.* "No local law imposes tort liability for [allegedly] bungling [the appointment]." *Id.*

As in *Hornbeck*, Plaintiff attempts to "circumnavigate the local law requirement" by arguing that there is a general duty to supervise employees, but "citation to this general duty" is not adequate. *Id.* Plaintiff has "merely re-labeled a violation of a federal statue as [a] common law claim[]," but "'the FTCA does not apply where the claimed negligence arises out of the failure

of the United States to carry out a [federal] statutory duty in the conduct of its own affairs.'" *Id.* (quoting *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir.1997)).

Plaintiff seeks to recast his claim for failure to properly authorize the Assistant United States Attorneys under 28 U.S.C. § 542 as one of "negligent supervision," Pl.'s Opp'n at 6, but "[i]t is well settled law that a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss," *Kingman Park Civic Assoc. v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014). Plaintiff's Complaint makes clear that his claim is that the Attorney General "negligently failed to authorize LaForgia and Eckart to serve as" Assistant United States Attorneys. Compl. ¶ 45. Because Plaintiff has not satisfied the FTCA's private analog requirement, the Court should dismiss his claim for lack of jurisdiction.

### III.     Plaintiff's Claim Fails as a Matter of Law.

Defendant showed in its motion to dismiss that Plaintiff cannot establish, as a matter of law, that Defendant breached a duty of care, and therefore, even if the Court had jurisdiction over Plaintiff's claim, it should be dismissed under Rule 12(b)(6). Mot. to Dismiss at 6-7.

Plaintiff first argues that the Court would need to convert Defendant's motion to dismiss to a motion for summary judgment if the Court wanted to consider the SF-50s and SF-61s that Defendant attached to its motion. Pl.'s Opp'n at 8. Not so. As Defendant explained in its motion, Mot. to Dismiss at 7 n.2, "In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Slovinec v. Georgetown Univ.*, 268 F. Supp. 3d 55, 59 (D.D.C. 2017), *aff'd,* No. 17-7122, 2018 WL 1052650 (D.C. Cir. Jan. 26, 2018) (quoting *Demissie v. Starbucks Corp. Off. & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014)). Here, Plaintiff incorporates by reference these forms in his Complaint, Compl. ¶ 9, and, thus, the Court may consider them in ruling on

Defendant's motion to dismiss. Plaintiff does not respond to this argument, and therefore, the Court may treat it "as conceded." *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002).

Plaintiff does not dispute that the Attorney General's authority to appoint Assistant United States Attorneys has been delegated to the Deputy Attorney General, who in turn has delegated the authority to the Director of the Office of Attorney Recruitment and Management. Mot to Dismiss at 6-7; Pl.'s Opp'n at 8-9. Instead, Plaintiff speculates that there is an additional "specially designated form" in addition to the SF-50 and SF-61, Pl.'s Opp'n at 8; Compl. ¶ 8, and now further speculates that human resources officers who signed the SF-50s were not authorized to do so, Pl.'s Opp'n at 9. But these are exactly the sort of "'naked assertion[s] devoid of 'further factual enhancement'" that are insufficient to survive a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The Complaint must allege enough to raise Plaintiff's claims beyond the level of speculation and must "nudge" the claims "across the line from conceivable to plausible," *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557 n.5, a standard that Plaintiff's Complaint flatly fails to meet. Plaintiff thus fails to state a claim because, beyond speculation, he does not adequately plead a breach of a duty of care owed to Plaintiff.

### IV. Alternatively, *Heck* Precludes Plaintiff's Claim.

Defendant explained that Plaintiff's claim should be dismissed because, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), he cannot challenge the validity of his conviction or raise claims that imply the invalidity of his conviction through a common law tort action. Mot. to Dismiss. at 8-9.

Plaintiff argues that *Heck* is distinguishable because that case involved an underlying state criminal conviction, an action under § 1983 and § 2254, and a challenge to "the manner" in which

the criminal proceedings were conducted, Pl.'s Opp'n at 11, but Plaintiff has pointed to no authority suggesting that these differences are material, nor has he explained why these differences would undermine the rule that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," *Heck*, 512 U.S. at 486.  Here, a judgment in favor of Plaintiff challenging the authority of the Assistant United States Attorneys to prosecute his case "would necessarily imply the invalidity of his conviction [and] sentence," and, therefore, it may not proceed.  *Heck*, 512 U.S. at 487; *see also Trupei v. United States*, 304 F. App'x 776, 784-85 (11th Cir. 2008) (affirming dismissal of claim that the Assistant United States Attorneys who prosecuted plaintiff's case were not properly appointed because the challenge "essentially sought to invalidate his conviction and sentence").  Therefore, Plaintiff's claim may not proceed.

\*   \*   \*

## CONCLUSION

For these reasons and for the reasons stated in Defendant's opening brief, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(1) for lack of jurisdiction, or in the alternative, under Rule 12(b)(6) for failure to state a claim.

| | |
|---|---|
| Dated: July 24, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br><br>By:      */s/ M. Jared Littman*<br>    M. JARED LITTMAN<br>    PA BAR # 91646<br>    Assistant United States Attorney<br>    601 D Street, NW<br>    Washington, DC 20530<br>    (202) 252-2523<br><br>*Attorneys for the United States of America* |