UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL RIVERS,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

Civil Action No. 24-00510 (AHA)

**Memorandum Opinion**

Plaintiff Michael Rivers brings this negligence action against the United States under the Federal Tort Claims Act, alleging the Attorney General did not complete the proper paperwork to appoint two federal prosecutors who charged and obtained a conviction against him. Rivers claims the proceedings against him were therefore invalid and seeks relief for harms he has suffered as a result. Defendant moves to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim. The Court grants that motion.

**I.**     **Background**

Rivers was convicted of federal wire fraud and related charges in Florida and is currently in custody on those convictions. ECF No. 1 ¶¶ 10, 15. He alleges that criminal proceeding was defective because the prosecutors "were not duly authorized in writing by the Attorney General to serve as Assistant United States Attorneys, and thus were not permitted to represent the United States in that matter." *Id*. ¶ 44. According to Rivers, federal law establishes a mandatory process for appointing assistant United States attorneys under which the Attorney General or his representative must "explicitly and expressly authorize[]" a lawyer to serve as an assistant United

States attorney "in writing on a specially designated form" that is "different from the standard SF-61 oath of office form, or any other boilerplate form associated with an individual's routine onboarding as a federal employee." *Id*. ¶¶ 4, 7–9 (discussing 28 U.S.C. § 542). Rivers says he requested the special forms under the Freedom of Information Act and was told they did not exist. *Id*. ¶ 22. On that basis, he concludes the Attorney General "negligently failed to authorize [the prosecutors] to serve as AUSAs" as required by law, "while still allowing them to hold themselves out as proper representatives of the United States." *Id*. ¶ 45.

Rivers claims the Attorney General's negligence led to criminal proceedings that "were a nullity from inception" and over which the district court lacked jurisdiction. *Id*. ¶ 24. He asserts a claim under the Federal Tort Claims Act, seeking more than fifty million dollars in damages as relief for his incarceration, restitution, and other physical, emotional, and economic harms. *Id*. ¶¶ 46–47. Defendant moves to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**II.     Legal Standard**

To survive dismissal under Rule 12(b)(1), a plaintiff must show that the Court has subject-matter jurisdiction to hear their claim. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). The Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged,' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations omitted) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

To survive dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint should be allowed to proceed 'even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (second alteration in original) (quoting *Twombly*, 550 U.S. at 556).

**III.    Discussion**

The Federal Tort Claims Act (FTCA) allows suits against the United States for damages resulting from "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The statute does not create its own cause of action; rather, it waives sovereign immunity "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id*.; *see also Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (observing that the FTCA "does not create a cause of action against the United States," but "allows the United States to be liable if a private party would be liable under similar circumstances in the relevant jurisdiction"). The Court "look[s] to the law of the local jurisdiction—in this case, the District of Columbia—to determine whether there is a local private party analog." *Hornbeck*, 569 F.3d at 508. And if there is no such analog, then the suit falls outside of this immunity waiver and the Court lacks jurisdiction over the claim. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). That is a problem for Rivers here.

Even accepting Rivers' understanding of federal law to require the Attorney General or his representative to complete particular forms to properly appoint an assistant United States attorney, there is no private tort analog to Rivers' claim in the District of Columbia. District tort law includes claims for negligent hiring or supervision of an incompetent employee who injures someone. *See, e.g.*, *Schecter v. Merchs. Home Delivery, Inc.*, 892 A.2d 415, 431 (D.C. 2006). However, there is no tort for negligently overlooking forms in the hiring process. This is not to say that such statutory requirements are unimportant (to the extent Rivers accurately characterizes them), but it does mean that this claim cannot be pursued against the United States under the FTCA. *See Hornbeck*, 569 F.3d at 508–09 (holding that the FTCA did not waive sovereign immunity for "bungling" compliance with a federal statute because such claims "arise purely out of a federal statutory scheme that has no local analog").[1]

Rivers argues that his claim is analogous to the tort of negligent supervision, but it is not. Negligent supervision concerns an employer's failure to supervise an employee despite actual or constructive knowledge of their dangerous or incompetent behavior. *See Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 760 (D.C. 2001). Here, there's no allegation that the prosecutors acted dangerously or incompetently. In his briefing, Rivers tries to fit his allegations into this framework by saying the prosecutors behaved in an "unfit and incompetent manner" by holding themselves out as assistant United States attorneys without proper authorization. ECF No. 14 at 7. But that is

---

[1] Defendants dispute Rivers' understanding of the federal requirements. Although Rivers claims the Attorney General or his representative must carry out appointment through a "specially designated form" that is "different from the standard SF-61 oath of office form, or any other boilerplate form associated with an individual's routine onboarding as a federal employee," he does not cite any authority for this proposition. ECF No. 1 ¶¶ 8–9. The statute he cites states that the "Attorney General may appoint one or more assistant United States attorneys in any district when the public interest so requires" and that "[e]ach assistant United States attorney is subject to removal by the Attorney General." 28 U.S.C. § 542.

not in Rivers' complaint, which alleges that the Attorney General was negligent and not that the prosecutors themselves did anything untoward. As Rivers more accurately characterizes elsewhere in his briefing, the "core" of his complaint is that the Attorney General failed to follow the right authorization protocol "even if those attorneys otherwise conducted themselves with integrity and procedural soundness." *Id*. at 5–6.

Because there is no private tort analog for the claim Rivers asserts, the FTCA's sovereign immunity waiver does not apply and the Court lacks jurisdiction over Rivers' claim.[2]

## IV.   Conclusion

The Court dismisses Rivers' complaint without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   March 25, 2025

---

[2] The Court need not reach Defendant's alternative argument that dismissal is warranted under *Heck v. Humphrey*, 512 U.S. 477 (1994).